UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
San Antonio Division

| | |
|---|---|
| Erica Patterson a/k/a Erica Perkins, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br><br><br><br>  -v.-<br>TrueAccord Corp.,<br><br><br>      Defendant(s). | C.A. No: 5:22-cv-1067<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Erica Patterson a/k/a Erica Perkins (hereinafter "Plaintiff") brings this Class Action Complaint by and through her attorneys, against the Defendant TrueAccord Corp. (hereinafter, "True" or "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or the "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."

1

*Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claims occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Texas, County of Bexar.

8. Defendant True is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA with an address for service c/o Incorp Services, Inc., located at 815 Brazos Street, Ste 500, Austin, TX, 78701.

9. Upon information and belief, True is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals to whom True sent collection correspondence;

    b. attempting to collect a consumer debt on behalf of LVNV;

    c. which correspondence fails to set forth the amount due; and

    d. which correspondence sets forth that if an agreement for repayment is not reached, the account will be sent to a "traditional" collection agency; and/or

    e. which correspondence, without making an offer of settlement, sets forth that "we are not obligated to extend or renew this offer"; and

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of the Defendants and those companies and entities on whose behalf they attempt to collect debts and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

15. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue

is whether the Defendants' written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

c. **Typicality:** Plaintiff's claims are typical of the claims of the members of the Plaintiff Class. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the Plaintiff Class insofar as the Plaintiff has no interests that are averse to the absent members of the Plaintiff Class. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor her counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member and in that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

20. Some time prior to May 9, 2022, an obligation was allegedly incurred to non-party Comenity Capital Bank ("Comenity").

21. The Comenity obligation arose out of transactions which were primarily for personal, family or household purposes, specifically David's Bridal retail purchase(s).

22. The alleged Comenity obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

23. Thus, Comenity is a "creditor" as defined by 15 U.S.C. § 1692a(4).

24. According to the Correspondence (defined below), LVNV purchased the Comenity account.

25. According to the Correspondence (defined below), LVNV placed the debt with the Defendant True to collect upon.

26. Defendant True collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violations – May 9, 2022 Collection Letter*

27. On or about May 9, 2022, Defendants sent the Plaintiff collection correspondence (the "Correspondence") regarding the alleged debt owed. (A true and accurate copy of the Correspondence from the Defendant to the Plaintiff is attached hereto as Exhibit A.)

28. The Correspondence sets forth that, "if we do not reach an agreement for repayment while we still have your account, it will be sent to a traditional collection agency."

29. The Correspondence also provides that "we are here to help you" and "[d]uring this time while your account is still with us, we are able to offer a generous settlement."

30. Further it states, "we are not obligated to extend or renew this offer."

31. However, no actual settlement offer is even made in the Correspondence.

32. In fact, the purported amount due is not even set forth in the Correspondence.

33. Moreover, upon information and belief, Defendant is not different than a "traditional collection agency."

34. Thus, the Correspondence is misleading and deceptive by design.

35. The desired consequence of this intentional deception is to create an artificial urgency for the Plaintiff to call the Defendant and be pressured to pay.

36. Defendant seeks to compel engagement by any means necessary, regardless of fairness.

37. Defendant's misrepresentations and omissions cast a negative shadow over their debt collection practice in general.

38. Furthermore, Defendant references a potential settlement offer expiring without actually making any offer.

39. The Plaintiff was confused as to how to possibly evaluate this process.

40. When they go astray, debt collectors often introduce a tacit element of confusion into their collection correspondence to leave the consumer somewhat uninformed.

41. This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

42. To that end, one important element of consumer protection revolves around keeping the consumer informed.

43. When a consumer has as much information as the debt collector, they are most capable of handling repayment in full or part, disputing the debt, or otherwise communicating with the debt collector on a more equal playing field.

44. However, when a debt collector withholds key information about a debt from the consumer, they encourage rash decision-making and consumers are left without any power to face a debt collector in a meaningful way.

45. Accordingly, when a consumer is faced with something less than the total story behind owing a debt, they often give up and choose to pay an unwarranted debt to avoid further trouble.

46. As a result of the Defendants' FDCPA violations, Plaintiff was unable to evaluate her options of how to handle this debt.

47. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

48. She spent this trying to figure out if the Correspondence was in fact just a scam or whether it was based on a real debt.

49. She spent this trying to mitigate harm in the form of dominion and control over her funds.

50. Defendants' improper acts caused the Plaintiff to suffer financial and reputational harm.

51. Defendants' improper acts caused the Plaintiff emotional harm with physical manifestations.

52. These violations by the Defendant were knowing, willful, negligent, and/or intentional, and the Defendants did not maintain procedures reasonably adopted to avoid such violations.

53. Knowing the state of affairs and the swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

54. As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, defamation and conversion.

55. Defendant's debt collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

56. Defendant's violations are materially deceptive because they are likely to affect the Plaintiff's choice or conduct regarding how to respond to an outstanding debt claim and are likely to mislead the Plaintiff, who was acting reasonably under the circumstances.

57. Specifically, Defendant's unfair representations with respect to their collection efforts were material deceptions that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts.

58. Plaintiff was misled to her detriment by the statements in the Correspondence and relied on the content of the Correspondence to her detriment.

59. Because of the Defendant's actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were prioritized elsewhere.

60. As described above, Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

61. Plaintiff has suffered emotional distress, including, but not limited to, fear and restlessness, because of the Defendant's deceptions within the Correspondence.

62. Plaintiff has suffered wasted time and annoyance because of the Defendant's deceptions within the Correspondence.

63. Plaintiff has expended, and continues to expend, time and money because of the Defendant's deceptions within the correspondence.

64. As a result of the Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

65. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

66. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

67. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

68. Defendant violated § 1692e:

   a. Because the Correspondence omits a required representation(s) concerning the character, amount and/or legal status of the debt in violation of § 1692e(2)(A);

   b. By artificially creating urgency to respond in the form of an undefined settlement offer that Defendants are not obligated to renew or extend;

    c. Because of the artificial creation of urgency to respond by way of threat to refer the collection to a "traditional collection agency;" and

    d. By making a false and misleading representation(s) in violation of §1692e(10).

69. By reason thereof, Defendants are liable to the Plaintiff for judgment that the Defendants' conduct violated Section 1692e et seq. of the FDCPA, and that the Plaintiff is entitled to an award of actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

70. Plaintiff repeats the above allegations as if set forth herein.

71. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

72. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

73. Defendants violated this section by, as described above, unfairly implying that Defendants are preferable to a traditional collection agency, despite Defendants' equivalent mandate to "attempt to collect a debt."

74. By reason thereof, Defendants are liable to the Plaintiff for judgment that the Defendants' conduct violated Section 1692f et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

75. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Erica Patterson a/k/a Erica Perkins, individually and on behalf of all others similarly situated, demands judgment from the Defendant as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2. Awarding the Plaintiff and the Class statutory damages;

3. Awarding the Plaintiff and the Class actual damages;

4. Awarding the Plaintiff the costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

September 29, 2022                                     Respectfully Submitted,

**Stein Saks, PLLC**
/s/ Yaakov Saks
Yaakov Saks, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
P. (201) 282-6500
ysaks@steinsakslegal.com
*Counsel for Plaintiff*